IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

DAVID TOLAR                                                                            PLAINTIFF

VS.                                                       CIVIL ACTION NO. 3:08cv645-JCS

KENTRELL LIDELL, et al.                                            DEFENDANTS

<u>MEMORANDUM OPINION AND ORDER</u>

      This section 1983 cause is before the court *sua sponte* for consideration of dismissal of the complaint. Having considered Plaintiff's allegations and his testimony at the omnibus hearing, the undersigned concludes that the complaint should be dismissed with prejudice.

      Plaintiff, a state inmate, has sued prison health officials and the Commissioner of the Mississippi Department of Corrections for inadequate treatment for his Parkinson's disease. He alleges that upon his arrival at CMCF in January of 2007, he went for a period of approximately two weeks without medication, apparently because of a problem with supplies at the prison. When he was transferred to SMCI that same month, there was also a delay of a few days in receiving his medication. In June of 2007 he was transferred to the medical unit at Parchman, where the physician discontinued his medication. Thereafter he was transferred back to SMCI, where physicians once again prescribed medication but at a dosage Plaintiff considered to be insufficient.

      Where the wrong complained of is a denial of medical treatment, a prisoner must allege deliberate indifference to serious medical needs. *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991); *see also Estelle v. Gamble*, 429 U.S. 97, 105 (1976). To establish deliberate indifference, a prisoner must show that the defendants "refused to

treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 725, 756 (5th Cir. 2001). It is undeniable that Plaintiff's medical needs are serious. However, Plaintiff's allegations do not arise to the level of deliberate indifference. The relatively brief delays in administering prescribed medication sound in negligence, at the most, and his other complaints consist simply of disagreements with his physicians as to the appropriate level of medication. Such disagreements do not give rise to a constitutional claim. *See Norton v. Dimazana,* 122 F.3d 286, 292 (5th Cir. 1997).

For these reasons, Plaintiff's claims will be dismissed as frivolous pursuant to 28 U.S.C. §1915(e)(2)(B)(i). A separate judgment will be entered.

So ordered and adjudged, this the 29th day of June, 2009.

/s/ James C. Sumner

UNITED STATES MAGISTRATE JUDGE